UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIA GARCIA, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF<br><br>v.<br><br>LACUNA AUTISM SERVICES, LLC,<br><br>DEFENDANT | § § § § § § § § § § § § § § | CA NO. 5:24-cv-141 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Julia Garcia brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, on behalf of herself and all others similarly situated. For cause of action, Plaintiff would respectfully show as follows:

### I. NATURE OF DEMAND

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant has violated the FLSA by failing to pay Plaintiff and similarly situated employees in accordance with the guarantees and protections of the FLSA. Defendant has failed and refused to pay these employees at time- and one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek.

3. Julia Garcia, on behalf of herself and all other similarly situated Registered Behavior Technicians, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

4. For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay overtime premiums to its non-exempt RBTs for hours worked in excess of forty hours per workweek.

## II. PARTIES

5. Plaintiff Julia Garcia ("Garcia") is an individual who resides in this judicial district. She was employed by Defendant as a Registered Behavior Technician within the meaning of the FLSA from approximately May 2023 through December 29, 2023. A copy of her Consent is attached hereto as Exhibit A.

6. Defendant Lacuna Autism Services, LLC ("Lacuna") is a foreign limited liability company organized in Colorado that operates out of a number of states, including Colorado, Texas, Nevada and Tennessee.

7. Within Texas, Lacuna operates in and around Bexar County, Texas.

8. Lacuna was an employer of Garcia and those similarly situated as defined by 29 U.S.C. §203(d).

9. Lacuna can be served with process by serving its registered agent, Registered Agents, Inc. at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

### III.   JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

11. The Court has personal jurisdiction over Defendant because it conducts business in Texas, has entered into relationships with Garcia in Bexar County, Texas and has committed actions in Bexar County, Texas that give rise to this cause of action.

12. Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in Bexar County, which is within this District and Division.

### IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Lacuna has acted, directly or indirectly, in the interest of an employer with respect to Garcia.

14. At all times hereinafter mentioned, Lacuna has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Lacuna has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Lacuna has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Lacuna is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that such

enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Lacuna employed individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

18. Lacuna provides assessment services and develops treatment programs designed to aid in the therapy of children with autism.

19. Lacuna employs Registered Behavior Technicians ("RBTs") to conduct daily sessions with its clients.

20. Lacuna pays its RBTs on an hourly basis.

21. Lacuna requires its RBTs to complete notes for each daily session they conduct so that Lacuna can bill insurance and receive payment for these sessions.

22. Most, if not all, RBTs work on their notes at home.

23. This is because Lacuna schedules RBTs' sessions back to back during the workday, and the only way for RBTs to work on their notes during normal working hours would be to cut a scheduled session short.

24. Lacuna knows that its RBTs work on their notes at home.

25. In fact, Lacuna has a requirement that all RBTs must electronically submit their notes before midnight each day.

26. In order to complete their notes and submit them before midnight, most RBTs spend between 1 to 2 hours at home working on their notes.

27. Even though Lacuna knows RBTs work on their notes at home, Lacuna does not pay RBTs for any time spent working on their notes at home.

28. Garcia was employed by Lacuna as a non-exempt, hourly RBT.

29. For the majority of her employment, Garcia consistently worked more than forty hours per workweek.

30. Additionally, Garcia would regularly work on her notes at home.

31. Lacuna was fully aware of the fact that Garcia and other RBTs would work on their client's notes at home.

32. To the extent that their off-the-clock work caused Garcia and other RBTs to work more than forty hours per workweek, Lacuna did not pay Garcia, or any other RBTs, overtime premiums for such off-the-clock work.

33. To the extent that their regular hours and off-the-clock work totaled less than forty hours in a workweek, Lacuna paid Garcia and other RBTs nothing for their off-the-clock work.

34. Lacuna has employed and is employing other individuals as RBTs who were subjected to the same treatment as Garcia, in that 1) they are not paid at all for any off-the-clock work in weeks in which their total hours worked come to 40 or less, and 2) they are not paid time and one-half their regular rate for any off-the-clock hours in weeks where their off-the-clock work caused them to work more than forty hours per workweek.

35. Lacuna has knowingly, willfully, or with reckless disregard carried out, and continues to carry out, these illegal pay practices.

## V. COLLECTIVE ACTION ALLEGATIONS

36. Garcia seeks to have notice issue to the following ("Class Members"):

> **All current and former hourly RBTs who were employed by Lacuna for the past three years who were not paid overtime premiums for all off-the-clock hours worked in excess of forty (40) hours in a workweek.**

37. These RBTs were subjected to the same pay provisions in that they were all hourly non-exempt employees, but were not compensated at the rate of at least one and one-half their regular rates of pay for any off-the-clock hours worked in excess of 40 in a workweek. Thus, the Class Members are owed unpaid overtime for the same reasons as Garcia, without regard to their individualized circumstances or their job duties.

38. Lacuna's failure to compensate its employees for off-the-clock hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of failing to pay overtime compensation to the FLSA Class Members in the manner described herein above. This policy or practice is and has been, at all relevant times, applicable to Garcia and all FLSA Class Members. Application of this policy or practice does not depend on the personal circumstances of Garcia or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Garcia also applied to all FLSA Class Members.

## VI. CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Garcia incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

40. During the relevant period, Lacuna has violated and is violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess

of forty hours per workweek at rates no less than one-and-one-half times their regular rates for which they were employed.

41. Lacuna has acted willfully in failing to pay Garcia and all other similarly situated RBTs in accordance with applicable federal law.

### B. BREACH OF CONTRACT AND QUASI-CONTRACT

42. Garcia incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

43. Garcia and all other similarly situated RBTs are entitled to recover damages for Defendant's failure to pay Garcia and all other similarly situated RBTs for all hours worked under the Texas common law for breach of contract.

44. During the course of their employment, Garcia and other similarly situated RBTs and Defendant entered into a valid and enforceable contract regarding payment of their wages in exchange for their services. Pursuant to this contract, Defendant was obligated to pay Garcia and all other similarly situated RBTs the full amount of their agreed-upon compensation every pay period. Garcia and all other similarly situated RBTs have fully performed all of their contractual obligations.

45. Defendants breached this contract by failing to pay Garcia and all other similarly situated RBTs all compensation they were owed under the above-referenced contract. Defendant's breach caused injury to Garcia and all other similarly situated RBTs, which resulted in damages. Garcia and all other similarly situated RBTs seek unliquidated damages within the jurisdictional limits of this court.

46. By virtue of the filing of this Original Complaint, Garcia and all other similarly situated RBTs have made presentment to Defendant as per Texas Civil Practice and Remedies Code, § 38.002.

Garcia and all other similarly situated RBTs also seek to recover damages against Defendant for the full amount of their unpaid wages under the Texas common law for promissory estoppel, unjust enrichment, or money had and received.

47. Alternatively, Defendant owes Garcia and all other similarly situated RBTs all unpaid compensation at their full regular rate under *quantum meruit* for services Garcia and all other similarly situated RBTs provided directly to Defendant. Defendant accepted these services under such circumstances that Defendant was reasonably notified that Garcia and all other similarly situated RBTs expected to be paid by Defendants.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Julia Garcia, on behalf of herself and all others similarly situated, prays for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and upon trial of this cause, judgment against Defendant Lacuna Autism Services, LLC, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant Lacuna Autism Services, LLC liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

    b.    For an Order awarding Plaintiff (and those who may join in the suit) unpaid wages for non-overtime hours at their regular rate of pay under their contracts (express or implied) or under any applicable statute and/or under promissory estoppel, unjust enrichment, and/or money had and received;

    c.    For an Order awarding Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

  d. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

  e. For an Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  f. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent Lacuna's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the Texas common law; and

  g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

    Respectfully Submitted,

    **WELMAKER LAW, PLLC**
    409 N. Fredonia, Suite 118
    Longview, Texas 75601
    Tel: (512) 799-2048

    By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

    **ATTORNEY FOR PLAINTIFF**